IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. AP-76,477




EX PARTE JUAN CARLOS RODRIGUEZ, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. CR-0291-91-D IN THE 206th DISTRICT COURT
FROM HIDALGO COUNTY




           Per curiam.

O P I N I O N

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of one count of
aggravated sexual assault and two counts of indecency with a child. He was sentenced to fourteen
years’ imprisonment on the first count and ten years community supervision on the other two counts.
The Applicant’s appeals were dismissed for want of jurisdiction. Rodriguez v. State, Nos. 13-91-00628, 00629, and 00632-CR (Tex. App.–Corpus Christi, delivered January 3, 1992, no pet.).


 
            Applicant contends that his counsel rendered ineffective assistance because he failed to
timely file a notice of appeal. 
            The record before this Court reflects that trial counsel, after giving verbal notice of
withdrawal to both the Applicant and the trial court, did not file a pro se notice of appeal on
Applicant’s behalf in order to preserve his right to a meaningful appeal. We find, therefore, that
Applicant is entitled to the opportunity to file an out-of-time appeal of the judgment of conviction
as it relates to Count One in Cause No. CR-0291-91-D from the 206th Judicial District Court of
Hidalgo County. Applicant is ordered returned to that time at which he may give a written notice
of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. All time limits
shall be calculated as if the sentence had been imposed on the date on which the mandate of this
Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative
steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court
issues.
            Applicant’s claims regarding the remaining counts are dismissed for lack of jurisdiction. 
 
Delivered: January 12, 2011
Do Not Publish